Kenneth E. GAHMAN, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–1303.

United States Court of Appeals
for Veterans Claims.

Nov. 5, 1999.

Before NEBEKER, Chief Judge, and
KRAMER, FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE,
Judges.

## ORDER

PER CURIAM:

On consideration of the appellant's motion for full Court decision, of the record on appeal, and of the June 4, 1999, opinion of the three-judge panel, *Gahman v. West,* 12 Vet.App. 406 (1999), and it appearing that a full Court decision is unnecessary in light of the panel's willingness to refer this appeal back to the single judge for disposition in accordance with the attached memorandum decision, it is

ORDERED that the motion for a full Court decision is denied. It is, by the panel

ORDERED that the June 4, 1999, panel opinion herein is WITHDRAWN, and the appeal is referred back to the single judge for disposition by the attached memorandum decision.

## MEMORANDUM DECISION

*Note: Pursuant to U.S. Vet.App. R.
28(i), this action may not be
cited as precedent.*

NEBEKER, Chief Judge:

The appellant, Kenneth E. Gahman, appeals from a June 6, 1996, Board of Veterans' Appeals (BVA or Board) decision denying service connection for a chronic respiratory disorder. The appellant has filed a brief to which the Secretary has responded with a motion for summary affirmance. The appellant has filed a motion for expedited consideration, and the Secretary has not opposed that motion. The issue is whether the Secretary has met his statutory burden of rebutting the presumption of soundness, *see* 38 U.S.C. § 1111. For the following reasons, the Court holds that the Secretary has not rebutted that presumption, and the Court will reverse the Board's decision and remand the matter for further proceedings consistent with this decision.

## I. FACTS

The appellant served in the U.S. Navy from June to November 1963. Record (R.) at 56. In preexamination screening reports dated February and March 1963, the appellant related that he had had whooping cough prior to service. R. at 16–17, 26–27. The March 1963 preenlistment examination and the June 1963 entrance examination records both reported normal lung and chest conditions. R. at 22, 36. A photofluorographic examination at the same time resulted in an "essentially negative chest." R. at 41.

Less than a month after entering service, the appellant complained of pain in the left side of his chest and hard breathing. R. at 42. Upon admission to the hospital, examiners diagnosed the appellant with bronchopneumonia, and chest x-rays showed an "infiltrate left base." R. at 44. While in the hospital, the appellant provided information regarding his past medical history. The report recorded:

[The appellant] was in good health until about four weeks prior to admission when he noticed the onset of cough which was productive of thick, occasionally blood tinged sputum. There was occasional complaint of recurrent chest

pains of a pleuritic variety on the left related to a rib fracture which had been there apparently two years.... The past history revealed pneumonic [sic] twice in the past with hospitalization being required for a period of two weeks in 1961. The previous episode was in 1958 and was treated at home. There was also a history of pertussis as a child and he had been rejected for a job in the past on the basis of an x-ray in 1960. The patient also reported being in the Army prior to his enlistment in the Navy. He admitted to frequent expectoration during the three months prior to admission and to recurrent abdominal pains which were weekly and due to what he felt was a nervous upset. This had happened during the past three years.

R. at 45. Two months after being released from the hospital, the appellant reentered the hospital and received a diagnosis of lobar pneumonia. R. at 48. The final diagnoses included bronchopneumonia and bronchial asthma, and the hospital discharge summary recorded that the appellant was unfit for service. R. at 49, 50. A November 1963 medical board noted the past medical history of the appellant and found that "there appeared to be adequate evidence of chronic lung disease, which existed prior to enlistment and was of the degree, which would be considered disqualifying for enlistment." R. at 54. The Navy then discharged the appellant because of his lung condition. R. at 54–56.

Almost twenty-two years later, the appellant filed a claim for service connection for a lung condition. The RO denied the appellant's claim, finding that the evidence clearly showed that he had suffered from a lung condition prior to entering service. R. at 81–82. The appellant did not appeal this decision. In 1992, the appellant sought to reopen his claim for service connection for "chronic bronchitis." R. at 123. At a personal hearing, the appellant testified that, prior to entering service, he had not been treated for a lung condition; that

he had not had pneumonia; and that he had never been hospitalized for pneumonia. R. at 187–88. The appellant also testified that he had first noticed his lung condition during boot camp as a result of firefighting training and the hot and humid conditions at the training facility. R. at 192–93. A hearing officer decision in February 1993 continued the previous denial of service connection for bronchitis and considered the RO's previous denials to have included denials for the other lung conditions of record, including chronic obstructive pulmonary disease, bronchial asthma, and pneumonia. R. at 308. Apparently, the hearing officer based this conclusion on all the evidence of record and not just the newly submitted evidence. R. at 308–09.

The Board also determined that new and material evidence had been presented, and it reviewed the appellant's claim de novo. R. at 2. The Board noted that the appellant disagreed with the in-service medical history evidence showing that he had a lung condition prior to service. R. at 8. However, the Board found that the in-service records of the medical history of the appellant were accurate. Given that the recorded preservice medical history of the appellant revealed that he had had some form of respiratory problem prior to entering service, including his response of "yes" to whooping cough, the Board concluded that there was clear and unmistakable evidence showing that the appellant's lung disorder had preexisted service. Additionally, the Board determined that the presumption of soundness had also been rebutted. Further, the BVA remarked that the service medical board had offered the appellant the opportunity to rebut the medical board's findings that his respiratory condition preexisted service, but he chose not to submit a statement. R. at 8–11. This appeal followed.

## II. ANALYSIS

### A. New and Material Evidence

Under section 7104, the Board must first determine whether new and material evi-

dence has been presented before addressing the merits of a claim. *Barnett v. Brown,* 83 F.3d 1380 (Fed.Cir.1996). After the Board determines that new and material evidence has been presented, it must reopen the claim and then review all the evidence of record to determine the outcome of the claim on the merits. *See, e.g., Evans v. Brown,* 9 Vet.App. 273, 282–83 (1996). Here, the Board expressly determined that the appellant had submitted new and material evidence and proceeded to the next step of adjudicating the claim on the merits. On this record and giving deference to the Board's decision to reopen a previously disallowed claim, the Court cannot find jurisdictional or other error under 38 U.S.C. § 7261(a) in the Board's reopening. *See Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998).

### B. Presumption of Soundness

Once the Board reopened the appellant's claim, it was required to address the presumption of soundness. *See Routen v. Brown,* 10 Vet.App. 183, 187 (1997); *aff'd sub nom. Routen v. West,* 142 F.3d 1434 (Fed.Cir.1998), *cert. denied,* 525 U.S. 962, 119 S.Ct. 404, 142 L.Ed.2d 328 (1998). The presumption of soundness provides that a veteran is presumed to be in sound condition upon entry into service except for any defects noted at the time of examination for entry into service. 38 U.S.C. § 1111. This presumption may only be overcome by clear and unmistakable evidence. *See id.;* 38 C.F.R. § 3.304(b) (1997). VA bears the burden of proof to rebut the presumption. *Kinnaman v. Principi,* 4 Vet.App. 20, 27 (1993). Whether the facts are sufficient to rebut the presumption of soundness is a question of law that this Court reviews de novo. *Miller v. West,* 11 Vet.App. 345, 348 (1998); *Bagby v. Derwinski,* 1 Vet.App. 225, 227 (1991). Based on this record, the evidence supporting the Board's conclusion that the presumption of soundness had been rebutted is the 1963 report of the medical board, along with notations of the medical history provided by the appellant at that time, as referenced by the medical board in its conclusion that the appellant's lung disorder had preexisted service.

With regard to the in-service clinical records noted by the medical board, the Court notes that none of these records connects the appellant's in-service pneumonia and bronchial asthma episodes to any preservice lung condition. Nevertheless, the medical board concluded as follows: "In view of the patient's past history, there appeared to be adequate evidence of chronic lung disease, which existed prior to enlistment and was of the degree, which would be considered disqualifying for enlistment." R. at 54. The board went on to state that while some of the medical findings were "suggestive of pulmonary fibrosis and/or obstructive emphysema, clinically at this time, the syndrome is most compatible with bronchial asthma." *Id.*

Notwithstanding the medical board's determinations and upon de novo review of the record, the Court remarks that the appellant's medical history, given by him during the course of his treatment during service for bronchopneumonia and bronchial asthma, includes no mention of treatment for, or diagnosis of, bronchial asthma prior to service. The appellant's treatment records during service report his history of an episode of pneumonia that was "treated at home". There is no reference to any record of an examination or diagnosis by a competent medical professional. The other preservice episode of pneumonia included in the medical history provided by the appellant, according to his account required "hospitalization"; however, that episode, as well, is unsupported by clinical records. Such recorded history provided by a lay witness does not constitute competent medical evidence of a chronic preservice condition, even though the appellant's account of his preservice illnesses was recorded by medical examiners. *Cf. LeShore v. Brown,* 8 Vet.App. 406, 409 (1995) (transcriptions of lay history unenhanced by any medical comment by exam-

iner not transformed into "competent medical evidence" merely because transcriber happens to be medical professional); *Layno v. Brown,* 6 Vet.App. 465, 469 (1994). For example, on this record, there is no basis—let alone a plausible basis, *see Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990)—to determine whether the appellant's preservice episodes of illness were manifestations of a chronic condition or were, rather, acute and transitory. The record contains no other discernible evidence in support of the 1963 medical board's conclusions.

As this Court stated in *Miller,* "[a] bare conclusion, even one written by a medical professional, without a factual predicate in the record does not constitute clear and unmistakable evidence sufficient to rebut the statutory presumption of soundness." *Miller,* 11 Vet.App. at 348. Based on the foregoing, the Court holds that the 1963 medical board report is insufficient to rebut the presumption of soundness. Further, the BVA's conclusion, that the "medical findings during service are clear and unmistakable evidence" of a lung condition prior to service, was based solely upon the in-service medical board's report. Accordingly, the Court holds that the Board's determination that the presumption of soundness had been rebutted is legal error and must be reversed. *Id.; Kinnaman,* 4 Vet.App. at 27.

### III. CONCLUSION

The appellant's motion for expedited consideration is hereby granted. Because the Court is reversing the BVA's determination concerning the presumption of soundness, the Board's conclusion that no preexisting condition was aggravated during service is moot. The Court holds the June 6, 1996, decision of the Board is REVERSED, and the matter is REMANDED for further proceedings as required by law.