Edward HARRIS, Claimant–Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.

No. 99–7057.

United States Court of Appeals, Federal Circuit.

Decided: Feb. 17, 2000.

Kenneth M. Carpenter, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant.

Steven J. Gillingham, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director.

Before MAYER, Chief Judge, BRYSON, and GAJARSA, Circuit Judges.

BRYSON, Circuit Judge.

Edward Harris, a veteran, appeals from the judgment of the Court of Appeals for Veterans Claims, which held that a problem with his eyesight was not shown to be service connected. We affirm.

## I

Mr. Harris served on active duty in the United States Army from August 1949 to November 1952. In 1959, he made a claim of service connection for an eye condition known as retinitis pigmentosa. The Board of Veterans' Appeals denied his claim at that time, and in 1978 and 1988 the Board denied requests to reopen his claim. In 1989, Mr. Harris requested that his claim of service connection for his retinitis pigmentosa be reconsidered. In 1992, the Board granted reconsideration of the 1959, 1978, and 1988 decisions, and after several years of proceedings before the regional office and the Board of Veterans' Appeals, the Board requested the opinion of a medical expert from a Veterans Affairs Medical Center. Dr. Frank Rieger, Chief of Ophthalmology Services at the Harry S. Truman Veterans Affairs Medical Center, subsequently submitted a report in which he concluded that Mr. Harris suffered from retinitis pigmentosa prior to August 1949 when he was inducted into military service and that the decreased visual acuity he experienced during his service was consistent with the natural progression of the disease.

Following the receipt of Dr. Rieger's report, the Board of Veterans' Appeals in 1996 again denied service connection for Mr. Harris's condition. The Board concluded that even though retinitis pigmentosa was not recorded on Mr. Harris's service entrance examination, "the evidence clearly and unmistakably demonstrates that retinitis pigmentosa pre-existed the veteran's entry into active service," and that "any increase in retinitis pigmentosa during active service was due to the natural progress of that condition."

Mr. Harris appealed to the Court of Appeals for Veterans Claims, which af-

firmed the Board's decision. The court noted that under 38 U.S.C. § 1111 and 38 C.F.R. § 3.304(b), a veteran is entitled to service connection for a disease that was present in service unless the disease was noted in an examination report at the time of entrance into service, or unless clear and unmistakable evidence shows that the veteran contracted the disease prior to service and that the disease was not aggravated by service. The court further explained that the government bore the burden of proof to rebut the presumption of sound condition upon induction, *i.e.*, to show that the veteran incurred the disease or injury in question prior to service and that the disease or injury was not aggravated by service.

It was undisputed that Mr. Harris's entrance examination did not note retinitis pigmentosa. For that reason, Mr. Harris was entitled to the presumption of sound condition and the government was required to show by clear and unmistakable evidence that Mr. Harris suffered from retinitis pigmentosa prior to his entry into the service and that his condition was not aggravated by service.

After analyzing the evidence of record, the court concluded that the government had met its burden of rebutting the presumption of sound condition. The court noted that at the time of his diagnosis in 1951, Mr. Harris reported that he had an eight-year history of poor night vision, and various post-service medical records noted that he had had symptoms of night blindness from an early age. The court further noted that Dr. Rieger had concluded from all the medical evidence in the record that Mr. Harris had developed retinitis pigmentosa before entering the service and that, although his condition worsened during the period of his active duty, the worsening of his condition was simply the product of the natural progression of the disease. The court found that the presumption of soundness was rebutted by the evidence in the record; in particular, the court noted that "Dr. Rieger's unequivocal and uncontradicted opinion is itself clear evidence to the contrary and is supported by the repeated assertions that the veteran had suffered from night blindness since childhood." The court therefore affirmed the decision of the Board of Veterans' Appeals.

II

On appeal to this court, Mr. Harris does not directly challenge the factual conclusion of the Court of Appeals for Veterans Claims that the onset of his retinitis pigmentosa occurred prior to his entry into military service. Instead, he makes the legal argument that the statutory presumption of soundness may be rebutted only by contemporaneous preservice clinical evidence or recorded history showing that the veteran was suffering from the disease or condition in question before entering military service. The presumption cannot be rebutted, Mr. Harris argues, by a medical professional's after-the-fact opinion regarding the probable onset of the disease or condition.

In making this argument, Mr. Harris relies on the statute that sets forth the presumption of soundness, 38 U.S.C. § 1111, but the statute does not support him. The statute simply says that in cases in which the presumption of soundness applies, it may be rebutted only "where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by [the veteran's military] service." *Id.* The statute says nothing about the kind of evidence that can be used to rebut the presumption. All that the statute requires is that the evidence, whatever it may be, must lead, clearly and unmistakably, to the conclusion that the injury or disease existed before the veteran entered the service.

The regulation that tracks and elaborates on the statutory presumption of

soundness, 38 C.F.R. § 3.304(b), likewise does not support Mr. Harris's argument. In fact, it provides strong support for the contrary view. The regulation states that the history of preservice conditions recorded at the time of examination "will be considered together with all other material evidence in determinations as to inception." 38 C.F.R. § 3.304(b)(1). The regulation further emphasizes the breadth of the required inquiry:

> History conforming to accepted medical principles should be given due consideration, in conjunction with basic clinical data, and be accorded probative value consistent with accepted medical and evidentiary principles in relation to value consistent with accepted medical evidence relating to incurrence, symptoms and course of the injury or disease, including official and other records made prior to, during or subsequent to service, together with all other lay and medical evidence concerning the inception, development and manifestations of the particular condition will be taken into full account.

38 C.F.R. § 3.304(b)(2). The regulation emphasizes that in determining whether the presumption of soundness has been rebutted, the finder of fact should consider all medically accepted evidence bearing on whether the service member was suffering from the disease or injury in question prior to induction and should give weight to particular evidence based on accepted medical standards and medical knowledge regarding the known characteristics of particular diseases. In particular, the regulation permits the finder of fact to consider records made "prior to, during or subsequent to service" concerning the inception of the disease. The regulation thus does not support Mr. Harris's contention that the presumption of soundness can be rebutted only if the government adduces preservice clinical evidence that the veteran's disease or injury had its onset prior to induction.

Mr. Harris relies heavily on the decision of the Court of Appeals for Veterans Claims in *Miller v. West,* 11 Vet.App. 345 (1998). Decisions of the Court of Appeals for Veterans Claims are not binding on us, however, and in any event the *Miller* decision does not support Mr. Harris's legal position.

In *Miller,* the court reviewed a decision of the Board of Veterans' Appeals that held a veteran ineligible for benefits based on a psychiatric condition. The Board found that although the presumption of soundness was applicable, it had been rebutted by the evidence in the record. The court noted that the only evidence supporting the Board's conclusion that the veteran suffered from the psychiatric condition in question prior to service consisted of July 1968 reports of a psychiatric evaluation and medical board, which stated in conclusory fashion that the veteran suffered from schizophrenia and that the condition predated his military service. The court noted that the two 1968 reports were "not supported by any contemporaneous clinical evidence or recorded history in this record." *Id.* at 347. The court added, "[a] bare conclusion, even one written by a medical professional, without a predicate in the record does not constitute clear and unmistakable evidence sufficient to rebut the statutory presumption of soundness." *Id.* Accordingly, the court held that on the record in the case before it the presumption of soundness had not been rebutted.

Mr. Harris seizes on the reference to "contemporaneous clinical evidence" and "recorded history" in the court's opinion and seeks to derive from the use of those words a strict standard requiring such evidence in every instance in which the government seeks to rebut the statutory presumption of soundness. As the context of the statement in *Miller* makes clear, the *Miller* case does not stand for such a rule. The court referred to the absence of contemporary clinical evidence and recorded

history as part of its analysis of the weakness of the evidence that the government had offered to rebut the statutory presumption. Nothing in the court's opinion suggests that without such evidence the presumption can never be rebutted, no matter how strong the other rebutting evidence might be. Indeed, the next sentence of the court's opinion, in which the court noted that the 1968 reports contained bare conclusions regarding the veteran's preinduction condition, demonstrate that the court was concerned with the overall paucity of evidence of preservice mental illness, not the particular kind of evidence on which the government sought to rely.

While contemporaneous clinical evidence or recorded history may often be necessary to satisfy the heavy burden of rebutting the statutory presumption of soundness, we conclude that there is no absolute rule in the statute, the regulation, or the case law requiring such evidence before the presumption can be rebutted. In a case such as the one before us, in which a later medical opinion is based on statements made by the veteran about the preservice history of his condition, contemporaneous clinical evidence and recorded history may not be necessary. Accordingly, we reject Mr. Harris's legal claim that such evidence must be introduced in any case in which the government seeks to rebut the statutory presumption of soundness. We do not address the question whether the evidence in this case was sufficient to rebut the presumption, because that question involves the application of a law or regulation as applied to the facts of a particular case, which is a matter outside our jurisdiction to review decisions of the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7292(d)(2).

*AFFIRMED.*