PER CURIAM.
John W. Pope appeals the March 24, 2000, decision of the United States Court of Appeals for Veterans Claims (the “Veterans Court”) affirming the decision of the Board of Veterans’ Appeals (the “Board”) denying secondary service connection for a nerve disorder and denying extension of a temporary total disability rating beyond May 31, 1998. Pope v. West, VetApp. No. 96-1117, — VetApp. —, 2000 WL 776930 (CAVC March 24, 2000). Because Pope does not appeal from the decision with respect to the validity of any statute or regulation or any interpretation thereof that was relied on by the Veterans Court, we dismiss the appeal for lack of jurisdiction.
BACKGROUND
In 1952, Pope injured his right shoulder while parachuting during his service in the United States Navy. In 1955, he was awarded a 20% disability rating for shoulder arthritis caused by the 1952 injury. In 1989, Pope filed a claim for secondary service connection for a neurological condition manifested by tremors and weakness in his right arm and hand. A Veterans Administration Regional Office (“VARO”) denied this claim, but granted him a temporary total disability rating from the time that he was hospitalized for several days in April 1988 for surgery to his right shoul *971 der until May 31, 1988, when his post-surgical shoulder cast was removed. On appeal, the Board affirmed the decision of the VARO. In Pope, the Veterans Court affirmed the Board’s decision.
DISCUSSION
This court’s jurisdiction to hear appeals from the Veterans Court is governed by 38 U.S.C. § 7292. Section 7292(a) authorizes this court to review, without any deference, the interpretation of a statute or regulation by the Veterans Court upon which it relied in its decision. Our authority to review is further limited in that, except for decisions raising constitutional issues, this court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2) (1994). Here, Pope has not alleged that the Veterans Court improperly interpreted a statute or regulation; nor has he raised a constitutional issue.[1] Instead, in each of his several arguments on appeal he has either charged that factual determinations made by the Board were “clearly erroneous,” or that the Veterans Court improperly applied (or refused to apply) a regulation to the facts of his case. We lack jurisdiction to consider such arguments.
Pope argues, for example, that his experience as a volunteer experimental parachutist involved strenuous activity similar to combat, and that he is therefore entitled to the application of the “reasonable doubt” doctrine, pursuant to 38 C.F.R. § 3.102. We lack jurisdiction to consider this argument, however, because Pope did not raise it before the Veterans Court, and the court did not address the issue sua sponte. Smith v. West, 214 F.3d 1331, 1333 (Fed.Cir.2000). Therefore, it could not have “relied” upon any interpretation of section 3.102. Pope also alleges that the Board deliberately falsified his disability rating records in order to deny his claim. Pope has raised this allegation for the first time on appeal to this court, and therefore we have no jurisdiction to consider it.
Pope also argues that the Veterans Court erred in failing to assign him a temporary total disability rating for the entire period of his outpatient treatment from April 1988 through November 1988 under 38 C.F.R. § 4.29, which only applies when the veteran is hospitalized for more than 21 days. Pope does not argue that the Veterans Court misinterpreted 38 C.F.R. § 4.29, but that the regulation should have been applied to the facts of his case. We also lack jurisdiction to consider this argument. 38 U.S.C. § 7292(d)(2); Harris v. West, 203 F.3d 1347, 1351 (Fed. Cir.2000) (holding that this court lacked jurisdiction to review the application of a regulation).
As he did in his appeal to the Veterans Court, Pope here attacks the credibility of evidence relied upon by the Board, such as statements by physicians who had examined him and found no connection between *972 his tremor condition and his service injury. He also argues that the Board erred in finding that the preponderance of the evidence supported the finding that his tremor condition is not connected to his service injury. These Board rulings were left undisturbed by the Veterans Court.
Pope further argues that the Veterans Court should have found that the Veterans Administration did not comply with the Board’s instructions — contained in a 1989 decision remanding Pope’s claim — to conduct orthopedic and neurologic examinations before ruling on his claim. The Veterans Court did not disturb the Board’s finding that the Veterans Administration had indeed conducted the mandated examinations.
We cannot consider any of these arguments because we lack jurisdiction to review findings of fact, or the application of a regulation to the facts of a case (or refusal to apply it). 38 U.S.C. § 7292(d)(2).

. Pope alleges that the Board’s practice of denying a large percentage of motions for reconsideration of Board decisions is a violation of his constitutional rights, presumably because his motion for reconsideration was denied. Pope does not explain which of his constitutional rights was violated, nor the manner of violation. He seems to argue that since the Board did not grant his motion for reconsideration of the decision that he argues was erroneous, it thereby violated his constitutional rights. We lack jurisdiction to review this claim because Pope is really arguing the merits of his underlying claim, not raising a separate constitutional contention. See Heifer v. West, 174 F.3d 1332, 1335 (Fed.Cir. 1999) ("Thus, when Mr. Heifer contends that the Court of Veterans Appeals violated his constitutional rights by 'ignor[ing] mandatory authority that compelled a finding that the Secretary’s position was not justified,’ he is really arguing the merits of his EAJA claim, not raising a separate constitutional contention.”).