NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THEODORE LAWRENCE,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7118

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2049, Judge William A. Moorman.

---

Decided: November 8, 2013

---

THEODORE LAWRENCE, of Sherman, Texas, pro se.

ZACHARY J. SULLIVAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General

Counsel and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

The Board of Veterans' Appeals denied Theodore Lawrence's claim for service-connected disability benefits related to blindness, concluding that his condition had existed before service and was not aggravated during it. The Court of Appeals for Veterans Claims affirmed the Board's decision. Mr. Lawrence now seeks review in this court, but he has not presented any issue that falls within the scope of our limited jurisdiction to review decisions of the Veterans Court. We therefore dismiss the appeal.

## BACKGROUND

Mr. Lawrence served in the United States Army for two years in the late 1960s. His entrance records indicate that, when he enlisted, he had poor vision but his "corrected" vision while wearing glasses was 20/20. During service, he apparently experienced some vision trouble, particularly at night. His separation records, however, report that his distance vision was 20/20 and that he had no eye trouble. Ten years later, in 1978, Mr. Lawrence was formally diagnosed with retinitis pigmentosa—a hereditary disease that gradually decreases an individual's field of vision and eventually leads to some degree of blindness.

In 2004, Mr. Lawrence filed a claim for benefits with the VA, alleging that his retinitis pigmentosa and resulting blindness were connected to his military service because they had been aggravated by exposure to tear gas. The Regional Office denied the claim, and Mr. Lawrence appealed to the Board. Before reaching the merits, however, the Board remanded the case twice for addition-

al evidence. In response to those remand orders, Dr. Shirley, a VA doctor, gave Mr. Lawrence an eye examination, issued an opinion about his condition, and then supplemented that opinion—ultimately concluding that Mr. Lawrence had retinitis pigmentosa when he entered the Army and that the in-service worsening of the disease was simply its natural progression. In 2009, upon consideration of this and other evidence, including Mr. Lawrence's own testimony, the Board denied the claim.

Mr. Lawrence appealed to the Veterans Court, which remanded the case for still more factual development. This time, the VA sought and obtained an expert medical opinion from a specialist—an ophthalmologist named Dr. Katzin. Dr. Katzin was candid about the dearth of evidence from the time of Mr. Lawrence's service, but he also explained that the "progression of retinitis pigmentosa is so standard in every case" that the "details of the record" were not necessary to describe the course of the disease. In addition, Dr. Katzin confirmed that "it is in no way possible for [tear] gas exposure to have any effect on the retina," so such exposure "was in no way related to the development or progression or aggravation of the retinitis pigmentosa." Like Dr. Shirley, Dr. Katzin concluded that "any worsening of the disease . . . during active duty was due to the natural progress of the disease at its natural rate."

In 2011, the Board issued another decision denying Mr. Lawrence's claim for benefits. The Board began by laying out the basic legal framework: because retinitis pigmentosa was not mentioned on Mr. Lawrence's entrance exam, he was entitled to a statutory presumption that he was "in sound condition" at the time of enlistment, but that presumption could be overcome by "clear and unmistakable evidence demonstrat[ing] that the . . . disease existed before acceptance and enrollment and was not aggravated by such service." 38 U.S.C. § 1111; *see Wagner v. Principi*, 370 F.3d 1089, 1096 (Fed. Cir. 2004).

Canvassing the evidence of record—including the VA medical opinions and Mr. Lawrence's testimony about his pre-service symptoms and family history—the Board found clear and unmistakable evidence that Mr. Lawrence had retinitis pigmentosa before his military service and that the disease was not aggravated beyond its natural progression during service. The Board then denied the claim for benefits because a finding of service connection "[wa]s not warranted."

The Veterans Court affirmed. *Lawrence v. Shinseki*, No. 11-2049, 2013 WL 1279010 (Vet. App. Mar. 28, 2013). Mr. Lawrence, who was represented by counsel at the time, alleged error in the Board's reliance on the opinions of Drs. Shirley and Katzin and in the Board's treatment of his lay evidence. The Veterans Court, however, determined that he had "not presented any [persuasive] argument . . . that the evidence, in combination, failed to satisfy the clear and unmistakable evidence standard." *Id.* at *6. The Veterans Court subsequently denied reconsideration, *Lawrence v. Shinseki*, No. 11-2049, 2013 WL 2458776 (Vet. App. June 6, 2013), and Mr. Lawrence now appeals.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals insofar as they challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

This appeal does not raise any issue that we have jurisdiction to decide. All along, Mr. Lawrence's challenge has centered on the adequacy of the government's evi-

dence to overcome the statutory presumption that he was in sound condition when he enlisted in the Army. The Board and the Veterans Court found the evidence sufficient, and Mr. Lawrence has not alleged that any error of law or constitutional violation infected those decisions. As we stated in a similar case concerning retinitis pigmentosa, we cannot revisit "the question whether the evidence in this case was sufficient to rebut the [statutory] presumption [of soundness], because that question involves the application of a law or regulation . . . to the facts of a particular case, which is a matter outside our jurisdiction." *Harris v. West*, 203 F.3d 1347, 1351 (Fed. Cir. 2000).

In his informal brief to this court, Mr. Lawrence asserts that he asked for, but did not receive, a medical examination from an independent, non-VA doctor. That assertion cannot supply this court jurisdiction. First, we see no indication that he raised such an argument in the Veterans Court, and we generally do not consider arguments made for the first time here. *See, e.g.*, *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002); *Boggs v. West*, 188 F.3d 1335, 1337-38 (Fed. Cir. 1999). Second, and in any event, Mr. Lawrence does not allege that the VA had a legal duty to give him an independent medical examination, or that the Veterans Court relied on an erroneous rule of law in failing to award him one. Although the VA has the *authority* to secure medical opinions from independent experts, *e.g.*, 38 U.S.C. §§ 5109, 7109, the decision not to do so in this case presents at most a factual question about how the VA exercised its discretion, a question that is outside our jurisdiction. Accordingly, we find nothing in Mr. Lawrence's passing assertion that the VA failed to "honor" his request for an independent medical examination to change our determination that we do not have jurisdiction over his appeal.

No costs.

**DISMISSED**