Citation Nr: 1508836 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 12-26 735 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for hypertension. 


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. M. Schaefer, Counsel


INTRODUCTION

The Veteran served on active duty from October 1976 to October 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. In April 2014, the appeal was remanded for further development, and it now returns to the Board for appellate review. 

In May 2013, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is associated with the claims file.


FINDINGS OF FACT

1. Hypertension did not clearly and unmistakably preexist service.

2. Hypertension did not have its onset in service, manifest within one year of the Veteran's discharge from service, and is not shown to be causally or etiologically a result of military service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for hypertension have not been met. 38 U.S.C.A. §§ 101(24), 1101, 1112, 1113, 1116, 1131, 1137, 1154, 5107, 5121A (West 2002); 38 C.F.R. §§ 3.301, 3.303, 3.309 (2014).






REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Stegall Considerations

This case was remanded by the Board in April 2014. The Court has held "that a remand by this Court or the Board confers on the Veteran or other claimant, as a matter of law, a right to compliance with the remand orders." See Stegall v. West, 11 Vet. App. 268, 271 (1998). The April 2014 remand was issued so that private treatment records and VA treatment notes could be obtained and a VA examination scheduled. The post-remand record reveals that multiple efforts were made to obtain private treatment records with negative results and that VA treatment notes were added to the claims file. A VA examination was conducted in August 2014. Therefore, the Board determines that the RO/AMC substantially complied with the Board's orders in the prior remand, and that the Board may now proceed with adjudication of the claim.

II. VA's Duties to Notify and Assist 

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). In September 2009, the Veteran was provided with notice of the evidence necessary to substantiate a claim for service connection, as well as to support effective dates and disability ratings. Therefore, the Board determines that the Veteran was provided all necessary notice prior to the initial adjudication of the claim. 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2014) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. At the May 2013 hearing, the VLJ did not explicitly identify the issue to be discussed, but the VLJ and representative's questions and the Veteran's answers were clearly directed at the claim for service connection for hypertension. Further, the questions asked focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim for service connection. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), or that any error was harmless in light of the Veteran's actual knowledge of elements of service connection.

VA has also fulfilled its duty to assist the Veteran in making reasonable efforts to identify and obtain relevant records in support of the Veteran's claim. The Veteran's service treatment records, VA treatment notes and private treatment records, records from the Social Security Administration (SSA) and the report of an August 2014 VA examination were reviewed by both the AOJ and the Board. The Veteran has not identified any additional, relevant records that VA needs to obtain for an equitable disposition of the claim. 

With regard to the VA examination, once VA undertakes to provide a VA examination, it must ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). In this case, the August 2014 VA examiner reviewed the claims file, documented the Veteran's subjective complaints and medical history, and evaluated the Veteran. Thereafter, in the report, the examiner provided an opinion that was based on all of the available evidence. Nothing suggests that the examiner documented findings inconsistent with those found in the claims file or that an arbitrary conclusion was reached. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to the issues on appeal has been met. 38 C.F.R. § 3.159 (c)(4). 

In light of the above, the Board concludes that the evidence of record is sufficient to adjudicate the Veteran's claim without further development and additional efforts to assist or notify the Veteran in accordance with VCAA would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (strict adherence to requirements of the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the Veteran). Therefore, the Board determines that the Veteran will not be prejudiced by the Board proceeding to the merits of the claim.

III. Analysis

The Veteran contends that he his hypertension first manifested in service. Therefore, he claims entitlement to service connection for hypertension. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1131. Connecting the disability to service may be accomplished through statutory presumption or through affirmative evidence that shows inception or aggravation during service or that otherwise indicates a direct relationship between service and the current disability. 38 C.F.R. §§ 3.303(a), (d). 

The statutory presumptions and VA regulations implementing them are intended to allow service connection for certain diseases when the evidence might otherwise not indicate service connection is warranted. See 38 C.F.R. § 3.303(d). Where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, including hypertension, to a degree 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. 

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. Id. When a chronic disease identity is established in service, or within an applicable presumptive period, there is no requirement of evidentiary showing of continuity. Id. For this purpose, a chronic disease is one listed at 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the term "chronic disease" in 38 C.F.R. § 3.309(b) is limited to a chronic disease listed at 38 C.F.R. § 3.309(a)).

Each disorder for which the Veteran seeks service connection must be considered on the basis of the places, as shown by service records, the official history of each organization in which he served, his medical records and all pertinent medical and lay evidence. 38 C.F.R. § 3.303(a); see also 38 U.S.C.A. § 1154(a) (requiring VA to include in its service connection regulations that due consideration be given to "all pertinent medical and lay evidence"). A veteran's lay statements may be sufficient evidence in any claim for service connection.

Presumptions of service connection are not intended to limit service connection to that basis of entitlement when the evidence warrants direct service connection. 38 C.F.R. § 3.303(d). Direct service connection may be granted for disease or disability diagnosed in service; or, if diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. Id. 

In order to establish direct service connection for a disorder, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of a disease contracted, an injury suffered, or an event witnessed or experienced in active service; and (3) competent evidence of a nexus or connection between the disease, injury, or event in service and the current disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); cf. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)). In many cases, medical evidence is required to meet the requirement that the evidence be "competent." However, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr, 21 Vet. App. at 309.

At the time of a service entrance examination, every Veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A. § 1111 (West 2002). Only such conditions as are recorded in examination reports are considered as 'noted.' 38 C.F.R. 
§ 3.304(b) (2014). When determining whether a defect, infirmity, or disorder is 'noted' at entrance into service, supporting medical evidence is needed. Crowe v. Brown, 7 Vet. App. 238 (1994).

VA's General Counsel has held that to rebut the presumption of sound condition under 38 U.S.C.A. § 1111, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. The Board notes that the Court has held that the presumption of aggravation under 38 U.S.C.A. § 1153 only applies in cases where a preexisting disability was noted at the service entrance examination. See Horn v. Shinseki, 25 Vet. App. 231, 234 (2012). Otherwise, the matter goes to the analysis of the presumption of soundness. The appellant is not required to show that the disease or injury increased in severity during service before VA's duty under the second prong of this rebuttal standard attaches. VAOPGCPREC 3-2003; see Horn, 25 Vet. App. at 234-35 (holding that the bur den of proof in presumption of soundness cases rests with VA); see also Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). 

The Court has held that lay statements by an appellant concerning a preexisting condition are not sufficient to rebut the presumption of soundness. See Paulson v. Brown, 7 Vet. App. 466, 470 (1995) (stating that a lay person's account of what a physician may or may not have diagnosed is insufficient to support a conclusion that a disability preexisted service); Crowe, 7 Vet. App. at 246 (1994) (finding that supporting medical evidence is needed to establish the presence of a preexisting condition). 

Moreover, the Court has held that the presumption of soundness upon entry into service may not be rebutted without "contemporaneous clinical evidence or recorded history" in the record. Miller v. West, 11 Vet. App. 345, 348 (1998). In this regard, a higher court has subsequently explained the Miller decision by noting that "[n]othing in the court's opinion suggests that without such evidence the presumption can never be rebutted," emphasizing that any such determination must consider "how strong the other rebutting evidence might be." Harris v. West, 203 F.3d 1347, 1351 (Fed. Cir. 2000). 

Any increase in severity must also be permanent. Temporary or intermittent flare-ups during service of a preexisting injury or disease are not sufficient to be considered 'aggravation in service' unless the underlying condition, as contrasted by symptoms, is worsened. Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991). When clear and convincing evidence demonstrates no permanent increase in disability during service, the presumption of aggravation is not applicable. Maxson v. West, 12 Vet. App. 453, 459-60 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000).

For VA purposes, hypertension means that diastolic blood pressure is predominantly 90 mm. or greater, and/or systolic blood pressure is predominantly 160 mm. or greater. See 38 C.F.R. § 4.104, Diagnostic Code 7101 (2014), Note (1). At enlistment, the Veteran had a blood pressure of 154/90, which meets the definition of hypertension under VA regulations. No diagnosis of hypertension was noted at the clinical examination. Therefore, the Veteran is presumed to have been in sound condition with regard to hypertension at enlistment. 

This presumption may be rebutted by clear and unmistakable evidence that the disability preexisted service and was not aggravated service. The elevated blood pressure reading at enlistment was the only elevated reading in service treatment records. In April 1978, two readings were taken: 122/78 and 128/80. At the October 1980 separation examination, the Veteran's blood pressure was 120/86. There are no complaints, treatment, or diagnosis related to hypertension in service treatment records, and no notations in the Veteran's service treatment records to suggest a history of hypertension. Consequently, the Board determines that there is not clear and unmistakable evidence that the disability preexisted service. The question of aggravation is, therefore, rendered moot, and service connection must now be considered on a presumptive and direct basis. 

VA treatment records establish that the Veteran is currently diagnosed with hypertension. The Veteran's visit to establish VA care in February 2001 revealed a blood pressure of 173/102, and the diagnosis was elevated blood pressure. Later in February 2001, hypertension was diagnosed and lisinopril was prescribed. A hypertension diagnosis was not reported in the Veteran's medical history prior to the first diagnosis and treatment at VA. Therefore, hypertension is not presumed to have been incurred in service as it was not present to a compensable degree within one year of service discharge. 38 C.F.R. § 3.309.

Moreover, the competent evidence does not establish a direct relationship between the Veteran's hypertension and his military service. The first diagnosis of hypertension was made over 10 years after discharge, which weighs against the Veteran's claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Further, the August 2014 VA examiner opined that the Veteran's hypertension was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The basis for this opinion was that service treatment records did not document a diagnosis of hypertension or elevated blood pressure. The examiner also noted that the diagnosis of hypertension requires the documentation of elevated blood pressure on three and that the Veteran's blood pressure readings in service were 154/90, 122/78, and 120/86. Finally, the examiner observed that the first diagnosis of hypertension post-service was in February 2001 and that subsequent medical records continue that diagnosis. There are no contradictory competent opinions of record.

Service connection also cannot be granted under continuity of symptomatology because there is not sufficient evidence of continuity. The first diagnosis of hypertension was in 2001, more than 20 years after service. There is no indication of continuous symptoms since service, no continuous treatment or complaints regarding hypertension.

The Board has considered the lay statements and testimony of the Veteran. Under certain circumstances, lay statements may serve to support a claim for service connection by suggesting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Lay statements are competent to speak to symptoms of his disability, however, the etiology of hypertension is a determination requiring specialized knowledge and requires testing by a medical professional. In light of the above, the Board determines that there is no competent evidence relating the Veteran's hypertension to his military service. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2002); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). However, as reflected by the above discussion, the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for hypertension. Therefore, the claim must be denied.


ORDER

Entitlement to service connection for hypertension is denied.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs