Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 191204-125447
DATE: June 30, 2021

ORDER

Entitlement to service connection for bilateral hearing loss is denied. 

Entitlement to service connection for bilateral pes planus is granted. 

FINDINGS OF FACT

1. The preponderance of the evidence is against a finding that the Veteran has or has had at any time during the appeal period, a current diagnosis of bilateral hearing loss for VA purposes. 

2. Resolving all reasonable doubt in favor of the Veteran his diagnosed pes planus is etiologically related to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1112; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for service connection for bilateral pes planus have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably on active duty from October 2010 to March 2011 and from February 2012 to July 2012. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an October 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) that denied service connection for bilateral hearing loss and bilateral pes planus. The Veteran timely submitted a VA Form 10182 in December 2019 and elected hearing docket. In September 2020, the Veteran filed another VA Form 10182 as to the same issues this time selecting the direct docket, thereby, opting his appeal from the hearing docket to the direct docket. 

As a preliminary matter, the March 2021 rating decision was spurious as both the issues of entitlement to service connection for bilateral hearing loss and entitlement to service connection for bilateral pes planus were pending on appeal to the Board at the time of that decision. There has been no withdrawal of the appeal. Thus, the grant of service connection of bilateral pes planus and the denial of service connection for bilateral hearing loss in the March 2021 rating decision are void. 

SERVICE CONNECTION FOR BILATERAL HEARING LOSS 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). Service connection for a disability requires evidence of: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

For certain chronic disorders shown as such in service (or within the presumptive period under 38 C.F.R. § 3.307) so as to permit a finding that the disorder was incurred during service or within the presumptive period, subsequent manifestations of the same chronic disease at a later date, however remote, are service connected. 38 C.F.R. § 3.303 (b). When the fact of chronicity in service is not adequately supported, presumed service connection may be established by a showing of continuity of symptomatology after discharge. 38 C.F.R. § 3.303 (b). Sensorineural hearing loss, being an "organic disease of the nervous system," is among the chronic diseases listed under 38 C.F.R. § 3.309(a), for which a presumption of service connection may apply. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Hearing loss will be considered to be a disability for VA purposes when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000 or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Normal hearing is defined by auditory thresholds from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

The Board must consider all lay (non-expert) and medical evidence in evaluating a claim. 38 U.S.C. § 1154(a). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. See 38 U.S.C. § 5107(b); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection may only be granted for a current disability; when a claimed condition is not shown, there may be no grant of service connection. See 38 U.S.C. § 1131; see also Rabideau v. Derwinski, 2 Vet. App. 141 (1992). In the absence of proof of a present disability, there can be no valid claim for service connection. See Degmetich v. Brown, 104 F.3d 1328 (1997); see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The Veteran contends that he has bilateral hearing loss due to active duty service. In August 2019, the Veteran was afforded a VA examination. The VA medical examiner determined that he had normal bilateral hearing. Below are the results. 

 500 Hz 1000Hz 2000Hz 3000 Hz 4000Hz Speech Discrimination Scores 

Right Ear 5 10 5 5 20 100% 

Left Ear 5 15 15 10 20 100% 

The evidence of record does not show that the Veteran has been diagnosed with bilateral hearing loss for VA purposes at any point since service. 

Consideration has been given to the Veteran's own statements that he has bilateral hearing loss. Although lay persons are competent to provide opinions on some issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, the existence of sensorineural hearing as defined by regulation falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer). Hearing loss for VA purposes is not the type of condition that is readily amenable to mere lay diagnosis or probative comment regarding its etiology, as regulations make clear that audiometric testing and other specific findings are needed to properly assess and diagnose the disorder. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007).

In short, there is no competent evidence showing that the Veteran meets the criteria for a diagnosis of bilateral hearing loss for VA purposes at any time during this appeal or proximate thereto. See McClain v. Nicholson, 21 Vet. App. 319 (2007); see also Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Service connection for bilateral hearing loss, therefore, must be denied on this basis.

SERVICE CONNECTION FOR PES PLANUS 

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

A veteran is presumed to be in sound condition when entering into military service except for conditions noted on the entrance examination or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto, and that the disease or injury was not aggravated by service. 38 U.S.C. § 1111; 38 C.F.R. § 3.304 (b); Cotant v. Principi, 17 Vet. App. 116 (2003); VAOPGCPREC 3-2003 (2003). 

To rebut this presumption, VA must show by clear and unmistakable evidence both that the injury or disease in question existed prior to service and that it was not aggravated by service. Id.; VAOPGCPREC 3-03 (July 16, 2003); Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). In determining whether there is clear and unmistakable evidence that an injury or disease existed prior to service, the Board must consider the history recorded at the time or examination together with all other material evidence, including medical judgments, accepted medical principles, and the veteran's history of clinical factors. See Harris v. West, 203 F.3d 1347 (Fed. Cir. 2000).

When a claimant was not examined on entrance into a particular period of service, the presumption of soundness does not attach. See Crowe v. Brown, 7 Vet. App. 238, 245 (1994). It is, however, presumed that prior to any period of active duty service that an entrance examination was furnished, and the presumption of soundness applies even in cases where the entrance examination report was lost or missing in VA custody. See Quirin v. Shinseki, 22 Vet. App. 390, 396, n. 5 (2009).

Here, there is no entrance examination for the Veteran's active duty service from October 2010 to March 2011 and from February 2012 to July 2012. There is no evidence that the Veteran was not examined upon entry. Thus, the Board presumes that he was examined and that no defects were noted. 

While there is an indication that the Veteran's bilateral pes planus existed prior to active duty service the Board finds this does not rise to the level of clear and unmistakable evidence. The September 2019 VA examiner concluded it clearly and unmistakably preexisted service but it contains an inadequate rationale. Therefore, the presumption of soundness has not been rebutted. 

When the presumption of soundness is not rebutted the claim becomes a standard claim for service connection. Any and all evidence that the condition preexisted is ignored. Simply, not rebutting the presumption of soundness does not create a presumption of service connection. The other elements of service connection must still be met. 

The Veteran has a current diagnosis of bilateral pes planus. See August 2019 VA examination. Thus, the first element of Shedden is met. The Veteran contends that his bilateral pes planus was caused by military service. See November 2019 Notice of Disagreement. There are also notations in his service treatment records (STRs) that show complaints of bilateral foot pain while on active duty. Thus, the second element of Shedden is met. 

The question before the board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease. 

The December 2015 and August 2019 VA examiners determine the Veteran's bilateral pes planus was less likely as not incurred in or caused by the claimed in-service injury, event, or illness. The Board, nevertheless, finds that, affording the Veteran the benefit of the doubt, service connection is warranted. The evidence reveals that throughout active duty service the Veteran continually complained of bilateral foot pain and has indicated he suffered bilateral foot pain since service. The Board finds these complaints to be credible. Thus, resolving all doubt in favor of the Veteran, the Board finds that the weight of the evidence is in favor of a nexus. Thus, the third element of Shedden is met. 

As Shedden elements have been satisfied, the Veteran is entitled to service connection for bilateral pes planus. 

 

 

DUSTIN L. WARE

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Smith, Associate Counsel 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.