**Douglas S. MILLER, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–601.**

United States Court of Veterans Appeals.

July 24, 1998.

Douglas S. Miller, pro se.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Carolyn F. Washington, Deputy Assistant General Counsel, Washington, DC, were on pleadings for appellee.

Before FARLEY, IVERS, and GREENE, Judges.

FARLEY, Judge:

This is an appeal from an October 17, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a neuropsychiatric disorder. The appellant has filed an informal brief and the Secretary has filed a motion for summary affirmance. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will deny the Secretary's motion, reverse the decision of the BVA, and remand the matter.

## I. BACKGROUND

The appellant, Douglas S. Miller, served on active duty in the U.S. Army from July 1966 to August 1968. Record (R.) at 110. Although the appellant indicated at the time of his induction examination that he had previously suffered from "depression or excessive worry," no psychiatric condition was noted on examination. R. at 10–13. A clinical record cover sheet dated in August 1968 documented a diagnosis of "[s]chizophrenic reaction, simple type, chronic, severe, improved," and noted that the condition had existed prior to service. R. at 36. His separation examination documented a diagnosis of "[s]chizophrenic reaction." R. at 42–44. A clinical record dated in July 1968 also reported a diagnosis of schizophrenic reaction. R. at 45–47. A medical board later determined that the appellant's schizophrenic reaction had not been incurred in the line of duty but rather had existed prior to service, and recommended discharge. R. at 48.

In September 1981, the appellant was admitted to St. Johns Regional Health Center and subsequently diagnosed with "[b]ipolar disorder, maniac [sic] phase with psychosis" and a personality disorder. R. at 115. In November 1982 and June 1983, the appellant was found to be psychotic and was diagnosed with "[a]typical psychosis." R. at 126–27, 141–42. Following an August 1983 VA psychiatric examination, the impression was "chronic, undifferentiated schizophrenia with affective features." R. at 145. The examiner opined that the appellant's psychosis could have been caused by or aggravated by a head

injury incurred in an automobile accident. R. at 146.

In September 1994, the appellant filed a claim for service connection for "[a]ddiction syndrome." R. at 153–56. In support of his claim, he submitted treatment records from October and November 1981 showing a period of hospitalization at a VA Medical Center for amphetamine abuse. R. at 164–70. During this period of hospitalization, he was noted to have been using amphetamines at the time of his 1969 diagnosis of schizophrenia. The examiner opined that the schizophrenia diagnosis was erroneous and that this diagnosis was likely the result of the appellant's amphetamine abuse. R. at 164. Following a December 1994 VA compensation and pension mental disorder examination, the examiner opined that the appellant's history was more consistent with bipolar disorder with occasional periods of psychosis, and that his symptoms were probably exacerbated by prescription drug abuse. R. at 180. The appellant was diagnosed with, inter alia, bipolar disorder, thought to be in partial remission; amphetamine dependence, in remission; and personality disorder, with borderline and narcissistic traits. Id. In January 1995, the VA regional office (RO) denied service connection for addiction syndrome. R. at 183–85. The RO found that a neuropsychiatric condition had existed prior to service and that there was no evidence showing that it had worsened during service. R. at 183–84. The appellant thereafter filed a Notice of Disagreement and a Statement of the Case was issued.

In the decision on appeal, the Board found that the "veteran [was] entitled to the presumption of soundness as he was not found to have a psychiatric disorder when examined, accepted, and enrolled for service[, but that] the presumption ... [had been] rebutted by clear and unmistakable evidence that the veteran [had] experienced a psychiatric disorder prior to service." R. at 5. The Board further found that "[t]here was no increase in severity in the veteran's preexisting psychiatric disorder during service." Id. As a result, the Board concluded that a "psychiatric disorder, however diagnosed, was not incurred in or aggravated by active military service." Id. This appeal followed.

## II. ANALYSIS

 Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. § 1131. Pursuant to 38 U.S.C. § 1111, "every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination." See also 38 C.F.R. § 3.304(b). This presumption can only be overcome by clear and unmistakable evidence that a disability existed prior to service. Id.; Junstrom v. Brown, 6 Vet.App. 264, 266 (1994). The Board in this case found that the appellant's psychiatric condition clearly and unmistakably preexisted service and was not aggravated in service and that as a result, the presumption of soundness had been rebutted. In Bagby v. Derwinski, this Court set forth the standard of review for a BVA determination that the presumption of soundness has been rebutted:

> While the underlying determination may be factual—in this case, for example, the BVA could have determined as a factual matter that [the] appellant was treated prior to service—whether those facts are sufficient to satisfy the statutory requirement that clear and unmistakable evidence be shown is a legal determination subject to de novo review.

1 Vet.App. 225, 227 (1991) (citations omitted). Thus, the Court must independently determine whether the facts found by the BVA rebut the presumption of soundness. See Junstrom, 6 Vet.App. at 266.

In determining that the presumption of soundness had been rebutted, the Board relied on the July 1968 psychiatric evaluation report which indicated that the appellant's psychiatric condition had existed prior to service. The Board also relied on the July 1968 report from the medical board which indicated that the appellant had suffered from schizophrenia and that the disorder had preexisted service. In its decision, the Board referred to the other medical opinions of record between 1968 and 1985 which indicat-

ed a variety of diagnoses, including schizophrenia, bipolar disorder, and manic depressive disorder. The Board then concluded that the evidence of record "clearly and unmistakably demonstrates that the veteran had a psychiatric disorder, however classified, prior to his acceptance and enrollment in the service." R. at 7.

Based on the record before this Court, the only evidence supporting the Board's conclusion that the appellant's psychiatric condition existed prior to service consists of the July 1968 reports. However, those reports are not supported by any contemporaneous clinical evidence or recorded history in this record. A bare conclusion, even one written by a medical professional, without a factual predicate in the record does not constitute clear and unmistakable evidence sufficient to rebut the statutory presumption of soundness. As a result, the Board's conclusion that the appellant's psychiatric condition existed prior to service must be reversed. See Junstrom, supra; see also 38 U.S.C. § 1111.

In view of this conclusion, the Court need not reach the questions of the appropriate rating or even whether the appellant today suffers from the same condition which led to his discharge from service. Those are matters for the Board to determine in the first instance on remand. However, the Court must note its admiration for the Board in the way it struggled to make sense out of the record and the appellant's condition. The changes to the Diagnostic and Statistical Manual of Mental Disorders over the years (See DSM–III; DSM–IIIR; DSM–IV) and the varying diagnoses make this a difficult case. See, e.g., R. at 127 ("His exact diagnosis is not clear."); R. at 145 ("In filtering through all of his previous diagnosis [sic], I can understand how all of them have been made in the past. His condition and presentation is [sic] bizarre."); R. at 148–49 (A letter/report which shows the confusion and difficulty in the mind of a single diagnostician); R. at 180 ("Mr. Miller presents a diagnostic dilemma."). Nevertheless, in light of the Court's reversal of the Board's finding that the presumption of soundness had been rebutted by clear and unmistakable evidence,

the Board on remand will need to readjudicate the claim and provide an adequate statement of reasons or bases for its findings and conclusions. See 38 U.S.C. § 7104(d)(1).

### III. CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the October 17, 1996, decision of the BVA is REVERSED and the matter is REMANDED to the Board for further development and readjudication consistent with this decision. The Board shall proceed expeditiously in accordance with section 302 of the Veterans' Benefits Improvement Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or Court). See Drosky v. Brown, 10 Vet.App. 251, 257 (1997); Allday v. Brown, 7 Vet.App. 517, 533–34 (1995).