Citation Nr: 1331583 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 06-34 535 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for residuals of a pilonidal cyst, to include pain, bilateral numbness, and a tender scar. 


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel


INTRODUCTION

The Veteran who is also the appellant, had active service from November 1955 to November 1958.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2005 rating determination of the Department of Veterans Affairs (VA) Regional Office (RO) located in Portland, Oregon.

In September 2009, the Veteran testified at a hearing before a Veterans' Law Judge. In April 2013, the Board advised the Veteran that the Judge who conducted the hearing was no longer available to consider his appeal. He was advised as to his right for another hearing before another Veterans Law Judge if so desired. The Veteran did not return a request for another hearing within the 30 day time period time period specified in the letter. 

In March 2012, the Board remanded this claim for further development. The requested development in that remand was completed. In July 2013, the Board once again remanded this matter for additional development, to include scheduling the Veteran for a VA examination to determine the etiology of the pilonidal cyst and any residuals thereof. The requested development was completed. The development ordered in both remands has been completed. Stegall v. West, 11 Vet. App 268 (1998). 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran underwent surgery for removal of a pilonidal cyst in August 1958. 

2. The Veteran has a small horseshoe shaped scar, approximately 1 cm. and curving .4 cm., resulting from his pilonidal cyst surgery, which is stable and non-tender to palpation, with no other residuals resulting from the cyst or the surgery to remove the cyst. 


CONCLUSION OF LAW

A small horseshoe shaped scar, approximately 1 cm. and curving .4 cm, resulting from his pilonidal cyst surgery was incurred in service. 38 U.S.C.A. § 1131 (West 2002 & Supp. 2012); 38 C.F.R. § 3.102, 3.303 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Assist and Notify

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126; 38 C.F.R §§ 3.102 , 3.156(a), 3.159, 3.326(a) (2013). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) and that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1). For claims pending before VA on or after May 30, 2008, 38 C.F.R. § 3.159 has been amended to eliminate the requirement that VA request that a claimant submit any evidence in his or her possession that might substantiate the claim. 73 Fed. Reg. 23,353 (Apr. 30, 2008). 

In a September 2004 letter, the RO provided the Veteran with notice that informed him of the evidence needed to substantiate his claim. The letter also told him what evidence he was responsible for obtaining and what evidence VA would undertake to obtain. 

The Court has also held that that the VCAA notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim. Those five elements include: 1) veteran status; 2) existence of a disability; 3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A July 2009 letter provided the Veteran with notice as to the disability rating and effective date elements of the claim. 

Although some of the notice letters were not sent before the initial RO decision in this matter, the Board finds that this error was not prejudicial to the Veteran because the actions taken by VA after providing the notice have essentially cured any error in the timing of notice. Not only has the Veteran been afforded a meaningful opportunity to participate effectively in the processing of his claim and been given ample time to respond, the RO has also readjudicated the case by way of a supplemental statement of the case issued after the notice was provided. See Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant VCAA notification followed by readjudication of the claim, such as a statement of the case or supplemental statement of the case, is sufficient to cure a timing defect). Furthermore, the Veteran and his representative have presented argument which shows they are aware of what is needed to substantiate the claim; and neither has alleged that the Veteran has been in any ways prejudiced by any notice error. For these reasons, it is not prejudicial to the Veteran for the Board to proceed to finally decide this appeal because any error in the notice did not affect the essential fairness of the adjudication. See generally Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (explaining application of the rule of prejudicial error in the context of claims for VA benefits).

VA has a duty to assist a Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service treatment records and other pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

Unfortunately, through no fault of the Veteran, the service treatment records were lost. A Formal Finding of Unavailability of Service Treatment Records was made in December 2012 with specific detail being noted as to what steps were taken to obtain these records, including the notation that the Veteran was contacted by way of letter earlier that month notifying him that the records were not available and giving him the opportunity to submit any service treatment records in his possession. The Veteran did not respond to this request.

The Veteran's VA treatment records have also been obtained and he has not reported receiving any private treatment. 

The Veteran was also afforded a VA examination in July 2013. The VA examiner provided the requested opinion and detailed rationale to support the opinion. The Board finds that the actions taken by the RO/AMC in conjunction with Board's remand comply with the requested directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting the Board's duty to "insure [the RO's] compliance" with the terms of its remand orders). Moreover, neither the Veteran nor his representative has in any way questioned the adequacy of either the examination or the examiner's opinion.

Additionally, in September 2009, the Veteran was provided an opportunity to set forth his contentions during the hearing before a Veterans Law Judge. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the U.S. Court of Appeals for Veterans Claims held that 38 C.F.R. § 3.103(c)(2) requires that the RO Decision Review Officer or Veterans Law Judge who chairs a hearing to fulfill two duties: (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. 

Here, during the September 2009 hearing, the Veterans Law Judge set forth the issue on appeal. Furthermore, information was obtained regarding the symptoms related to the Veteran's pilonidal cyst. Therefore, not only was the issue "explained . . . in terms of the scope of the claim for benefits," but "the outstanding issues material to substantiating the claim" were also fully explained. Moreover, following the hearing, the Veteran was afforded a VA examination. As such, the Board finds that, consistent with Bryant, the Veterans Law Judge complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) and that the Board may proceed to adjudicate the claim based on the current record. 

For these reasons, it is not prejudicial to the Veteran for the Board to proceed to finally decide the appeal. Based upon the foregoing, the duties to notify and assist the appellant have been met, and no further action is necessary to assist the appellant in substantiating this claim. To the extent any error was made in notice at the Board hearing, it has been rendered nonprejudicial by subsequent notice letters and by the Veteran's actual knowledge. 

Service connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). A pilonidal cyst is not a "chronic disease" listed under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. § 3.303(b) do not apply to the non-chronic disease. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996).

It is the defined and consistently applied policy of VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 3.102. 

The Veteran's service treatment records are not available for review through no fault of the Veteran and there is a heightened obligation for VA to assist the Veteran in the development of his claim and to provide reasons or bases for any adverse decision rendered without these records. See Russo v. Brown, 9 Vet. App. 46 (1996); O'Hare v. Derwinski, 1 Vet. App. 365 (1991). However, case law does not establish a heightened "benefit of the doubt," only a heightened duty of the Board to consider the applicability of the benefit of the doubt, to assist the claimant in developing a claim, and to explain its decision when the Veteran's medical records have been lost. Ussery v. Brown, 8 Vet. App. 64, 68 (1995).

While the Board notes that the Veteran's service treatment records are not available for review, the National Personnel Records Center indicated that alternate records had been obtained (in the form of a Surgeon General's Office (SGO) extract) which indicated that the Veteran had undergone pilonidal cyst surgery at DeWitt Army Hospital in August 1958. As such, for purposes of this decision, it is not disputed that the Veteran developed a pilonidal cyst in service which required surgery. 

In an October 2004 statement, the Veteran indicated that he underwent surgery at DeWitt Hospital in August 1958. He stated that a spinal tap was performed and that he was awake during the surgery and was told by the surgeon that it was one of the largest cysts he had ever seen. The Veteran reported that he remained hospitalized for over three weeks, subsequently being discharged from the hospital and reassigned to the medical support unit in mid-September 1958. He noted that at some point in his life, many years ago, he started having sensations of his left leg being asleep and burning between the hip and the knee. He indicated that he did not know when this started as it was intermittent. The Veteran reported that he did not seek medical help as he assumed it was a nerve problem and that nothing could be done. He noted that over the years the problem had become worse, with the burning sensation being more frequent and painful. He stated that the burning/stinging sensation and being asleep sensation used to be more centralized on the outer upper part of the left leg but it had shifted down and now went from the original spot to the front of the leg. It now encompassed other areas of the leg. The Veteran indicated that he was assuming that he had nerve damage from the pilonidal cyst surgery and it had gotten worse from aggravation. 

In a December 2005 statement, the Veteran's mother indicated that to the best of her recollection she remembered her son being hospitalized at Dewitt Medical Center for pilonidal cyst removal. She noted that the Veteran had written to her about being worried about a spinal block being performed. She stated that the Veteran was in the hospital for about three or more weeks. 

In a November 2006 statement in support of claim, the Veteran indicated that he had been having problems with his legs, at times pretty severe aching/tingling, over the past 45 years. In a December 2006 statement, the Veteran stated that he had a scar from the surgery. The Veteran also indicated that he was now having bilateral leg pain. 

At his September 2009 hearing, the Veteran testified as to having undergone pilonidal cyst surgery in September 1958. He indicated that the scar was still tender. He also stated that apparently there was nerve damage because his left and right leg burned, more on the left. He assumed it was nerve damage. The Veteran stated that he lived with the pain and had received no treatment for it. He noted that he would have burning pain in his left leg if he stood in one place for an extended period. The Veteran reported that he received a spinal block as part of the surgery. 

As noted above, SGO extracts revealed that the Veteran underwent pilonidal surgery in August 1958. 

In conjunction with the July 2013 Board remand, the Veteran was afforded a VA examination in July 2013 to determine the nature and etiology of the pilonidal cyst and residuals thereof, and its relationship to the Veteran's period of service. The examiner indicated that the claims folder was available and had been reviewed. He reported that the Veteran had a diagnosis of a pilonidal cyst in 1958. The examiner stated that for several years, the Veteran had complained of bilateral pain in the knees and thighs. The examiner noted that the Veteran also reported that the scar area from the surgery could be tender off and on. 

Physical examination performed at that time revealed a scar from the pilonidal cyst surgery in 1958, which was small and horseshoe shaped in size, measuring 1 cm. and curving .4cm. The scar was stable and non-tender to palpation. The examiner noted that the Veteran had had pilonidal cyst surgery; however, the complaints of back and leg pain were in no way related to the surgery for the cyst. The symptoms were not compatible with the surgery procedure and were entirely unrelated and more likely related to a back problem or other process. 

Based upon the above, service connection is warranted for the scar resulting from the pilonidal surgery The record reveals that the Veteran underwent surgery in 1958 for removal of the pilonidal cyst. Moreover, the July 2013 VA examiner, when performing the examination, specifically identified a small and horseshoe shaped size scar, measuring 1 cm. and curving .4cm, which was stable and non-tender to palpation. 

As to the Veteran's beliefs that his current leg pain and numbness arise as a result of the pilonidal cyst and/or surgery performed in conjunction with removing the cyst, the Board notes that while the Veteran is competent to report symptoms that he experiences at any time, and to report a contemporaneous diagnoses made by a medical professional, he is not competent to relate any current leg pain/numbness to his pilonidal cyst or the surgery performed to remove the cyst. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In this case, the question of causation extends beyond an immediately observable cause-and-effect relationship and, as such, the Veteran is not competent to address etiology of any current leg pain or numbness. The Veteran has not been shown to have the requisite training or expertise to render an opinion as to the etiology of any leg pain or numbness and its relationship to his pilonidal cyst or surgery to remove the cyst, as there are many complex factors/contributors to leg pain and numbness, such as heredity or congenital disorders, or other factors which may cause leg pain or numbness not necessarily related to the pilonidal cyst or the surgery performed to remove the cyst, which the Veteran also does not have the requisite training to address.

Next, service connection may be granted when the evidence establishes a medical nexus between active duty service and current complaints. When evaluating the weight of medical evidence, the Board is guided by the principle that the probative value of a medical opinion largely rests upon the extent to which such opinion is based upon a thorough evaluation of the Veteran's medical history, including but not limited to the medical evidence contained in the claims file. See, e.g. Miller v. West, 11 Vet. App. 345, 348. The Board may examine the factual foundation of a medical opinion, including whether the physician had access to relevant information of record. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303-304 (2008). 

In the current case, the Veteran has not submitted competent or probative medical evidence specifically indicating that his current leg pain/numbness is related to his pilonidal cyst or surgery performed to remove the cyst. In contrast, the Board has obtained an adequate and probative VA examination opinion in conjunction with the Veteran's claim. The July 2013 VA examiner's opinion, which, as noted above is compliant with the Board remand and provides sufficient information to properly address the issue on appeal, specifically stated that the complaints of back and leg pain were in no way related to the surgery for the cyst. The Board is giving this opinion the most probative weight. The Veteran's entire claims file, which at the time included VA treatment records and statements and testimony from the Veteran, was reviewed. Based on all of the evidence, the examiner rendered an opinion that was supported by detailed and complete rationale. There was no indication that the VA examiner was not fully aware of the Veteran's past medical history or that he misstated any relevant fact. Thus, the Board finds this opinion to be the most probative evidence of record.

In sum, the preponderance of the evidence weighs against a finding that any current leg pain or numbness is related to the pilonidal cyst or surgery to remove the cyst. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 




ORDER

Service connection for a small horseshoe shaped scar, approximately 1 cm. and curving .4 cm, resulting from pilonidal cyst surgery, is granted. 




____________________________________________
T. D. JONES
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs