Citation Nr: 1730425 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-24 529 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for skin cancer residuals, to include as due to herbicide exposure.

2. Entitlement to service connection for low back disability as secondary to service-connected residuals of prostate cancer.

3. Entitlement to service connection for bilateral hip and leg disability as secondary to service-connected residuals of prostate cancer.


REPRESENTATION

Appellant represented by: Jan Dils, Attorney


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse
ATTORNEY FOR THE BOARD

C. Lamb, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1968 to January 1970, to include a tour in Vietnam from July 1968 to July 1969. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Louisville, Kentucky, Department of Veterans Affairs (VA) Regional Office (RO). 

In October 2014, the Veteran testified at a Board videoconference hearing before the undersigned. A copy of the transcript of that hearing has been associated with the claims file.

In July 2015, the Board remanded this case and instructed the Agency of Original Jurisdiction (AOJ) to obtain an addendum medical opinion as to the back and bilateral hip claims on appeal, and a VA examination to determine the nature and etiology of the Veteran's skin cancer claim on appeal. The Board notes that the requested addendum medical opinion was obtained in September 2016 and has been associated with the claims file. Additionally, the requested VA skin examination was conducted in November 2016 and has been associated with the claims file. These opinions are addressed in the Remand section below.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.





REMAND

The Board sincerely regrets the delay, however, a remand is necessary and further assistance to the Veteran is required in order to comply with the duty to assist as mandated by 38 U.S.C.A. § 5103A, and to afford the Veteran adequate VA examinations. Barr v. Nicholson, 21 Vet. App. 303 (2007). 

1. Skin Cancer

The Board remanded this case in July 2015 in order to obtain a VA examination to determine the nature and etiology of the Veteran's diagnosed skin cancers. The Veteran was provided a VA examination in November 2016. The examiner diagnosed the Veteran with squamous and basal cell carcinoma and actinic keratosis. The examiner also noted multiple actinic keratosis, basal cell and squamous cell carcinomas on the Veteran's face, ears and forearms. The Veteran reported being seen by physicians in the mid-1970s and stated that he believed he was diagnosed with skin cancer at that time, but was uncertain. The examiner noted that the medical record showed the Veteran was first diagnosed with skin cancer in May 1996. The examiner opined that the Veteran's diagnosed skin cancers were "less likely than not (less than 50% probability) incurred in or caused by the claimed in-service injury, event or illness." In support of this opinion, the examiner noted that skin cancers that develop in adults were the result of unprotected sun exposure during childhood and adolescence, rather than during adulthood. The examiner further found that it was more likely than not that many years of sun exposure during childhood and adolescence were etiologic in the development of the Veteran's current skin cancers rather that a single year spent in Vietnam. As to whether the Veteran's diagnosed skin cancers were etiologically related to exposure to herbicides, the examiner simply stated there was no relationship between skin cancer and Agent Orange.

The Board finds the November 2016 VA examination inadequate for adjudicating the claim on appeal. Specifically, the Board finds the examiner's opinion as whether the Veteran's skin cancers were secondary to herbicide exposure inadequate. Initially, the Board notes that dermatofibrosarcoma is a type of skin cancer that is presumptively service-connected due to herbicide exposure. Therefore, the overly broad statement that there is no relationship between skin cancer and herbicide exposure is not factually accurate. Further, the Board finds inadequate the brevity of the examiner's opinion which did not include an accompanying rationale. 

A medical opinion that is unsupported and unexplained is purely speculative and does not provide the degree of certainty required for medical nexus evidence. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008); see also See Miller v. West, 11 Vet. App. 345, 348 (1998) (medical opinions must be supported by clinical findings in the record; bare conclusions, even those made by medical professionals, which are not accompanied by a factual predicate in the record, are not probative medical opinions).

As such, a remand is necessary to obtain an addendum medical opinion. U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016). 

2. Low Back and Bilateral Hip and Leg

The Veteran has claimed service connection for a low back disability and bilateral hip and leg disability, both claimed as residuals of prostate cancer. In this regard, the Board notes that the Veteran claimed he developed severe lower back pain that radiated into his legs shortly following brachytherapy, a surgical procedure in which radioactive seeds were implanted into his lower back. Statements relating the onset of the Veteran's back and lower extremity pain following brachytherapy are found in a May 2011 psychological clinical progress note, a July 2011 letter from the Veteran's spouse, an October 2011 letter from the Veteran, and testimony provided during the October 2014 Board hearing. 

The Veteran underwent a VA examination in February 2012. The Veteran was diagnosed with degenerative disc disease (DDD), lumbosacral spinal stenosis and lumbar sacral spinal radiculopathy affecting his left lower extremity. The Veteran reported back pain that began to worsen in 2008 following his brachytherapy procedure. Additionally, the Veteran reported current symptoms of a dull ache that radiated to his left hip, thigh and leg. The examiner noted that the Veteran was service-connected for prostate cancer which was currently stable with no evidence of metastasis or any secondary condition related to his prostate cancer. Additionally, an X-ray study did not reveal lytic or blastic bone lesions but did reveal the presence of prostatic seed implants. Other X-ray findings included severe DDD of the lower lumbar spine. The examiner opined that the claimed conditions involving the lumbar spine and spinal radiculopathy were "less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's service connected prostate cancer." In support of this opinion the examiner noted no signs of metastasis, lytic or blastic bone lesion noted upon X-ray. 

In July 2015, the Board found the February 2012 VA examination inadequate as the examiner did not opine as to whether the Veteran's prostate cancer residuals aggravated his claimed conditions. An addendum medical opinion was obtained in September 2016. The examiner found no causal relationship between the prostate cancer and the degenerative changes of the back and bilateral hip. The examiner noted that when prostate cancer metastases to bone it produces lesions (osteoblastic) that are distinct from bone changes that occur as a result of degenerative joint disease (DJD). Additionally, the examiner noted that over the past eight years there had been no recurrence of the Veteran's cancer as evidenced by undetectable PSA and an absence of bony metastases in X-ray studies of the back and bilateral hip. Further, the examiner noted that X-ray studies only revealed DJD and DDD of the back with studies of the hip essentially normal. As to the question of whether the prostate cancer worsened or aggravated the back or bilateral hip disabilities, the examiner noted that while bony metastases could produce and exacerbate pain from degenerative disease, in the absence of metastatic disease to the bone there could be no aggravation of the Veteran's pain symptoms.

While the medical opinions of record have addressed whether the service-connected prostate cancer caused or aggravated the Veteran's low back and bilateral lower extremity disabilities, neither examination report addressed whether the disabilities were caused or aggravated by the brachytherapy procedure. Accordingly, the Board finds that another VA examination is necessary to adequately adjudicate these issues on appeal, especially in consideration of X-ray evidence showing the presence of prostatic seed implants in the Veteran's lower back.

With regard to all issues on appeal, VA's duty to assist a claimant includes providing a medical examination or obtaining a medical opinion when an examination or opinion is necessary to make a decision on the claim. 38 U.S.C. § 5103A(d)(1) (West 2014); 38 C.F.R. § 3.159(c)(4) (2016). To that end, when VA undertakes to provide a VA examination, it must ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Additionally, compliance with a remand is not discretionary, and failure to comply with the terms of a remand necessitates remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998) (remand by the Board confers on the Veteran, as a matter of law, a right to compliance with the remand instructions, and imposes upon VA a duty to ensure compliance with the remand). 


Accordingly, the case is REMANDED for the following action:

1. With any necessary identification of sources by the Veteran, request all VA treatment records not already associated with the file from the Veteran's VA treatment facilities, and all private treatment records from the Veteran not already associated with the file.

2. Then, refer the Veteran's claims file to the VA examiner who provided the November 2016 VA skin cancer opinion. The entire claims file, to include a complete copy of this Remand, must be made available to and reviewed by the examiner. If the reviewer is no longer available, or the reviewer determines that another examination is necessary to arrive at any requested opinion, an examination should be scheduled. The examiner should provide the following opinion:

(a) Whether it is at least as likely as not (50 percent or greater probability) that any diagnosed skin disorder, to include squamous and basal cell carcinoma and actinic keratosis, is due to presumed herbicide exposure? The examiner must consider the medical records and lay statements, and a rationale for each opinion rendered should be provided.

A full rationale for any opinion rendered should be provided. If the examiner is unable to provide an opinion without resort to speculation, an explanation as to why this is so should be provided and any additional evidence that would be necessary before an opinion could be rendered should be identified.

3. Then, schedule the Veteran for an examination by an appropriate examiner to determine the nature and etiology of his lower back and bilateral hip disability. The examiner must review pertinent documents in the Veteran's claims file including this Remand in connection with the examination and note in the examination report that such review has been accomplished. All indicated studies should be completed. 
 
The examiner should provide the following opinions:

(a) Whether it is at least as likely as not (50 percent or greater probability) that any diagnosed lower back and lower extremity disability is due to the brachytherapy procedure used to treat the Veteran's service-connected prostate cancer?

(b) Whether it is at least as likely as not (50 percent or greater probability) that any diagnosed lower back and lower extremity disability was aggravated by the brachytherapy procedure used to treat the Veteran's service-connected prostate cancer?

A full rationale for any opinion rendered should be provided. If the examiner is unable to provide an opinion without resort to speculation, an explanation as to why this is so should be provided and any additional evidence that would be necessary before an opinion could be rendered should be identified.

4. Then, readjudicate the claims remaining on appeal. If any decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).