Citation Nr: 1761241 
Decision Date: 12/13/17 Archive Date: 01/02/18

DOCKET NO. 10-30 518 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to an extension of the delimiting date for Montgomery GI Bill (MGIB) benefits beyond August 28, 2009.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

David R. Seaton, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1995 to August 1999.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), Education Center in Muskogee, Oklahoma.

This matter was previously before the Board in December 2012, November 2014, February 2017, and June 2017.
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran had active service until August 27, 1999, he had until August 28, 2009 to use his Montgomery GI Bill benefits.

2. During this 10 year period, the Veteran worked full time and did not have a disability or disabilities that rendered it infeasible for him to go to school. 


CONCLUSION OF LAW

The criteria for extension of the delimiting date of the Montgomery GI Bill benefits have not been met. 38 U.S.C. §§ 3031(a), 3033; 38 C.F.R. §§ 21.7142, 21.7050(f), (g), 21.7051(a), 21.7135(s) (2017). 





REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist 

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided, and neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claim at this time is warranted. 

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service treatment records, VA treatment records, vocational rehabilitation records, and private treatment records have been obtained. Additionally, the Veteran testified at a Board hearing.

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.

II. Education Claim
 
The Veteran was separated from active duty on August 27, 1999. The law provides a ten-year period of eligibility during which an individual may use his or her entitlement to educational assistance benefits; that period begins on the date of the Veteran's last discharge from active duty. 38 U.S.C. § 3031(a); see also 38 U.S.C.A. § 3033; 38 C.F.R. § 21.7142. 

Exceptions to this rule provide that the 10-year period can be extended if (1) the individual was initially prevented from establishing eligibility for educational assistance due to the character of his discharge, but was later able to establish eligibility as a result of a change, correction, modification, or other corrective action by competent military authority, (2) the individual was captured and held as a prisoner of war by a foreign government or power after his last discharge or release from active duty, (3) the individual was prevented from pursuing his chosen program of education before the expiration of the 10-year period because of a physical or mental disability not the result of his own willful misconduct, (4) the individual was enrolled in an educational institution regularly operated on the quarter or semester system and the period of entitlement under 38 U.S.C.A. § 3013 expired during a quarter or semester, or (5) the individual was enrolled in an educational institution not regularly operated on the quarter or semester system and the period of entitlement under 38 U.S.C.A. § 3013 expired after a major portion of a course was completed. 38 U.S.C. § 3031(b), (c), (d), and (f); 38 C.F.R. §§ 21.7050(f), (g), 21.7051(a), 21.7135(s). The Board notes that it must be clearly established by medical evidence that such a program of education was medically infeasible. 

The Veteran's period of active duty was from March 1995 to August 1999. Ten years from the date of his discharge from active duty was August 27, 2009. Therefore, his delimiting date is August 27, 2009.

The Veteran argues that his delimiting date should be extended as he was mentally ill during the period from discharge until March 31, 2008, as indicated in a June 2009 statement from the Veteran. The RO denied the Veteran's claim for an extension of his delimiting date because a statement from the Veteran, submitted in June 2009, indicated that the Veteran worked full-time for the Social Security Administration from October 12, 1999 to present and had been promoted from Contact Representative to Supervisor. 

Medical infeasibility to pursue training ordinarily may not be found for any period during which the claimant was employed full time unless: 
1. The medical evidence indicates that the employment was part of a medically prescribed rehabilitation program; 

2. The employment was of a marginal nature and the disability can reasonably be deemed to have restricted the claimant from concurrent pursuit of the chosen program of training; or 

3. The nature of the disability actually precluded the claimant from pursuing the desired program of training.
 
Chapter 30 Status and Award History shows that the Veteran has not been awarded benefits under that program. His May 2009 statement, indicated that he had been forced to deal with his mental health for many years and that there had been times when he felt able to go back to school, but would then become paranoid and afraid and subsequently would not follow through. He stated that he had been on his current medication for approximately one year and felt confident in his ability to pursue his education as long as he could stay on medicines and keep his doctor appointments. 

He also argued that he experienced difficulty walking and sitting for extended periods due to your back and knee injuries. 

The Veteran's Extension of Ending Date Attachment indicated that he could not work or go to school due to mental disability beginning August 27, 1999, and ending March 31, 2008. He stated that he was not in control of his thinking, and that his decision making skills were poor. Without assistance, he felt out of control. 

However, he acknowledged being employed as a contact representative/supervisor for the Social Security Administration from October 12, 1999, for more than a decade to at least beyond the delimiting date. Moreover, he acknowledged working 40 hours per week.

The Veteran has advanced several medical opinions in an effort to show that it was medically infeasible to pursue an educational program in the 10 years following his separation from military service.

In a June 2009 statement from a VA Outpatient Clinic in McAllen, Texas it was noted that the Veteran had bipolar disorder and alcohol abuse for which he had been treated with medication and counseling. This disability had existed since 2000. The medical professional suggested that the Veteran had been unable to work or go to school due to disability beginning January 1, 2000, and ending January 1, 2009. 

In a March 2010 statement a nurse at VA Outpatient Clinic wrote that due to medical concerns, until stabilized, the Veteran was not able to attend school until the previous year. She noted that the Veteran had successfully attended school from May 2009 to the present, and supported his efforts to extend his GI Bill benefits. 

VA treatment records were reviewed from multiple VA facilities in Texas and Washington from 2001-2010. These treatment records show that the Veteran was seen for bilateral knee pain and lumbosacral spine pain. At that time he reported working as a claim representative (office work at a desk) for the Social Security Administration and he denied having missed any time from work due to his orthopedic conditions. In another treatment record, the Veteran reported working as a technical instructor for the Social Security Administration, and he stated that he had been doing well overall. In January 2006, the Veteran reported that he had been on medication for mental health problems since 2001, which had rendered him essentially "symptom-free". At that time, he reported being entirely without mental health complaints or concerns. 

In May 2006, the Veteran reported that he had been diagnosed with testicular cancer and had undergone surgery in April 2006. Treatment records showed a history of testicular cancer with surgery and radiation in April 2006, history of depression on medication, and history of chronic back pain. He again reported working as a supervisor at the Social Security Administration. In October 2007, the Veteran reported that he was doing well at work and at home. He was waiting on a promotion at work. 

Having reviewed the evidence, the Board rules that the petition for extension of the Delimiting Date Under Ch. 30, 38 U.S.C. 3031(d) is denied. While the Veteran has advanced several medical opinions in support of his claim, the fact remains that these letters do not appear to have any grounding in the evidence. To this point, the medical professionals appear to argue that the Veteran was incapable of working at a time when he worked full-time for a decade and had been promoted. A bare conclusion, even one reached by a health care professional, is not probative without a factual predicate in the record. See Miller v. West, 11 Vet. App. 345, 348 (1998). 

Here, the evidence clearly showed that the Veteran was employed on a full-time basis from October 1999 until after his delimiting date had elapsed, and he had even been promoted from a claims representative to instructor to supervisor. 

The evidence of record does not show that the Veteran missed any extended period of work due to disability and he did not provide medical evidence that confronted this stark reality. The medical opinions that were presented wholly omitted any discussion of this fully gainful employment. There is little doubt that the Veteran's service connected disabilities caused him some impairment in his work, but the evidence of record shows that he could work, and the ability to not just keep a job but also excel in it (as evidenced by promotions), suggests that his medical conditions did not render him medically infeasible of pursuing an educational program. Accordingly, the Veteran's claim is denied.


ORDER

An extension of the delimiting date for Montgomery GI Bill (MGIB) benefits beyond August 28, 2009 is denied.


___________________________________________
MATTHEW W. BLACKWELDER 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs