﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200326-75570
DATE: January 29, 2021

ORDER

The petition to reopen a previously denied claim for service connection for hypertension is granted.

Service connection for hypertension is granted.

FINDINGS OF FACT

1. New evidence was received after an unappealed February 1968 rating decision that is relevant to the issue of entitlement to service connection for hypertension.

2. The Veteran has current diagnosis of hypertension.

3. The Veteran served in the Republic of Vietnam in 1966 and is therefore presumed to have been exposed to herbicide agents therein.

4. Epidemiologic evidence concludes that there is a positive association between hypertension and exposure to herbicide agents, including Agent Orange.

5. The evidence is at least in equipoise as to whether the Veteran’s currently diagnosed hypertension is related to his exposure to herbicide agents during service.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for hypertension are met. 38 C.F.R. § 3.156(d) (2019).

2. The criteria to establish service connection for hypertension are met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant in this case, served in the United States Naval Reserve, with active duty service from August 1965 to May 1967, including service in the Republic of Vietnam.

The February 2020 rating decision on appeal was issued under the new Appeals Modernization Act (AMA) framework, and the Veteran initiated the appeal to the Board March 2020 with the filing of a Decision Review Request (VA Form 10182), requesting direct review by a Veterans Law Judge on the evidence of record at the time of the rating decision. In correspondence dated May 2020, the Board acknowledged the appeal and informed the Veteran and his representative that the appeal had been placed on the Board’s direct review docket. Under the AMA, when a claimant seeks appellate review through the Board’s direct review docket, the Board may consider the evidence of record at the time of the rating decision on appeal, here as of February 26, 2020. 38 U.S.C. § 7113(a) (2019). The Board notes that potentially relevant evidence was added to the electronic claims file during a period of time when the record was closed and therefore, the Board may not consider this evidence at this time.

New and Relevant Evidence

The new and material evidence issue regarding the right knee disability has been recharacterized to reflect the applicable evidentiary (new and relevant evidence) standard under the AMA. 38 C.F.R. § 3.156(b). VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1).

Here, the Board finds new evidence has been received after the prior final rating decision in the legacy system that is relevant to the claim of service connection for hypertension. Specifically, subsequent to the prior final rating decision dated February 1968 that denied service connection, a VA examination report and medical opinion were obtained in September 2019 and associated with the electronic claims file. This evidence relates to the unestablished element of a nexus with service. Therefore, the evidence is new and relevant and, to this extent only, the petition to reopen the claim for service connection for hypertension is granted.

Service Connection

Applicable Laws and Regulations

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The existence of a current disability is the cornerstone of a claim for VA disability compensation. See Degmetich v. Brown, 104 F. 3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Hypertension is considered a “chronic” disease under 38 C.F.R. § 3.309(a). Therefore, the presumptive service connection provisions under 38 C.F.R. § 3.303(b) for service connection based on “chronic” symptoms in service and “continuous” symptoms since service must be considered in reviewing the instant claim. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). For the showing of chronic diseases in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b). If not manifest during service, where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, and the ‘chronic’ disease became manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 C.F.R. § 3.307.

A Veteran who “served in the Republic of Vietnam” between January 9, 1962 and May 7, 1975 is presumed to have been exposed during such service to an herbicide agent such as “Agent Orange.” 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). VA laws and regulations provide that if a veteran was exposed to herbicide agents during service, certain listed diseases are presumptively service connected. 38 U.S.C. § 1116(a)(1); 38 C.F.R. § 3.309(e). 38 C.F.R. § 3.309(e) lists the diseases covered by these regulations; however, the listed diseases include neither hypertension nor chronic kidney disease. Therefore, presumptive service connection under these regulatory provisions is not for application.

A lay person is competent to report on the onset and reoccurrence of current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). The Board must determine, on a case by case basis, whether a veteran’s particular disability is the type of disability for which lay evidence may be competent. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

Generally, the degree of probative value which may be attributed to a medical opinion issued by a VA or private treatment provider takes into account such factors as its thoroughness and degree of detail, and whether there was review of the claims file. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Also significant is whether the examining medical provider had a sufficiently clear and well-reasoned rationale, as well as a basis in objective supporting clinical data. See Bloom v. West, 12 Vet. App. 185, 187 (1999). The Court has held that a bare conclusion, even one reached by a health care professional, is not probative without a factual predicate in the record. Miller v. West, 11 Vet. App. 345, 348 (1998).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

In making its ultimate determination, the Board must give a veteran the benefit of the doubt on any issue material to the claim when there is an approximate balance of positive and negative evidence. Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009) (quoting 38 U.S.C. § 5107(b)).

Analysis

The Veteran asserts that his hypertension is related to his active service. See, e.g., Supplemental Claim received June 19, 2019. For the reasons expressed below, the Board finds that evidence supports a grant of service connection on a direct basis. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). The grant decided herein renders moot any alternative theory of entitlement.

At the outset, the Board finds that medical evidence establishes a diagnosis of hypertension. See, e.g., VA hypertension examination report dated September 7, 2019 at pg. 2.

The service treatment records (STRs) reference a single elevated blood pressure reading, recorded during the Veteran’s April 1964 enlistment examination, and no other symptoms or diagnosis of hypertension. Within one year from the date of separation from service, the Veteran was diagnosed with hypertension. See VA examination report dated December 19, 1967. However, there is no clear evidence of compensable hypertension at that time. Therefore, presumptive service connection under 38 C.F.R. §§ 3.303(b) and 3.309(a) is not for application.

The Veteran was afforded a VA examination in September 2019 during the pendency of this claim. The VA medical examiner opined that the Veteran’s currently diagnosed hypertension is at least as likely as not related to service, noting the Veteran’s 1967 hypertension diagnosis shortly after separation from service, and a private post-service treatment record dated April 2009 reflecting prescribed medication for hypertension. See VA medical opinion dated September 7, 2019. However, the examiner neither acknowledged the April 1964 enlistment examination reflecting elevated blood pressure nor clearly articulated a rationale for the opinion. These deficiencies render the September 2019 opinion of little or no probative value. See Nieves-Rodriguez, 22 Vet. App. at 304; Bloom, 12 Vet. App. at 187.

Nevertheless, the Veteran’s military personnel records show that he was stationed at the Naval Support Activity in Da Nang, Vietnam for five months in 1966. See Administrative Remarks dated July 9, 1966 and December 5, 1966. Therefore, the Veteran is presumed to have been exposed to an herbicide agent during his service in Vietnam, which establishes the “incurrence” element of service connection.

The Secretary of VA has determined that there is no positive association between exposure to herbicide agents and any other condition for which the Secretary has not specifically determined that a presumption of service connection is warranted. See Notice, 59 Fed. Reg. 341-46 (1994); Notice, 61 Fed. Reg. 41, 442-49 (1996); Notice, 72 Fed. Reg. 32, 395-32, 407 (Jun. 12, 2007); Notice, 74 Fed. Reg. 21,258-21, 260 (May 7, 2009); Notice, 75 Fed. Reg. 32540 (June 8, 2010). Hypertension is not one of the diseases listed under 38 C.F.R. § 3.309(e).

However, the National Academies of Sciences, Engineering, and Medicine, on November 15, 2018, moved hypertension to the category of “sufficient” evidence of an association from its previous classification in the “limited or suggestive” category,” indicating that there is enough epidemiologic evidence to conclude that there is a positive association between hypertension and exposure to herbicide agents, including Agent Orange. See National Academy of Science (NAS) November 2018 update report titled, Veterans and Agent Orange Update 11 (2018). The Board finds the study provided by the NAS, which is made up of experts in the given field of science, is probative evidence that is relevant here.

Based on this recent scientific evidence, the Board finds that the evidence is at least in equipoise as to whether the Veteran’s hypertension is etiologically related to his exposure to herbicide agents while serving in Vietnam. As such, resolving reasonable doubt in the Veteran’s favor, the Board finds that all elements of service connection for hypertension are met, and the appeal will be granted. The grant of service connection herein on a direct basis renders moot any alternative theory of entitlement. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.303(d).

Lastly, the Veteran asserts on appeal that service connection for hypertension should have been granted during the pendency of his 1967 claim. See Decision Review Request: Board Appeal received March 26, 2020. However, as the Veteran did not timely appeal the February 1968 rating decision denying service connection by submitting a notice of disagreement within one year from the date of notification of the decision, the 1968 rating decision became final. 38 U.S.C. § 4005(b)(1) (1964); 38 C.F.R. § 19.118(a) (1967).

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Farrell, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.